UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM McKOBY, | CASE NO. C19-2072-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| JAY ROBERT INSLEE *et al*., | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On December 26, 2019, the Honorable Brian A. Tsuchida granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 3.) Plaintiff purports to bring a federal civil action against Defendants pursuant to 42 U.S.C. §§ 1983 and 1986. (Dkt. No. 4 at 1.) Plaintiff asserts that he brings claims of "high treason" in violation of 18 U.S.C. § 2381 against Defendants, that the Court has admiralty jurisdiction over this case, and that Plaintiff seeks $1,000,000,000,000 in damages. (*See id*.) Plaintiff's claims appear to arise out of the alleged differences between federal and Washington State law in defining the terms "motor vehicle" and "commercial" in various statutes. (*See id*. at 2–3.) Plaintiff further appears to argue that he may be subject to criminal prosecution if he does not bring the instant action. (*See id*. at 4) (citing 18 U.S.C. §§ 3, 2382).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. Federal courts may exercise jurisdiction over only certain "cases" and "controversies." *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). As part of the case-or-controversy requirement, a plaintiff must establish that he or she has standing to bring suit in federal court. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing, a plaintiff must demonstrate that his or her injury is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citation omitted). An injury sufficient to convey standing must actually exist and be certainly impending. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016); *Clapper*, 568 U.S. at 409.

"[W]hen an asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (collecting cases). Further, "while it is well-established that an individual need not await prosecution under a law or regulation before challenging it . . . we require a 'genuine threat of imminent prosecution' and not merely an 'imaginary or speculative fear of prosecution.'" *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 773 (9th Cir. 2006) (quoting *San Diego Cty. Gun Rights Comm. v. Reno,* 98 F.3d 1121, 1126 (9th Cir.1996)).

Plaintiff has not identified any injury to himself that actually exists and is certainly impending; at best, he has identified a generalized grievance that is insufficient to convey standing to him. *See Spokeo*, 136 S. Ct. at 1548; *Clapper*, 568 U.S. at 409; *Warth*, 422 U.S. at 499; (*see generally* Dkt. No. 4). And Plaintiff's apparent concern that he will be criminally prosecuted if he fails to bring his claims of high treason is unaccompanied by any suggestion that the threat of such prosecution is genuine or imminent, as opposed to imaginary or speculative.

*See Sacks*, 466 F.3d at 773. Therefore, the factual allegations in Plaintiff's complaint do not establish that he has suffered an injury-in-fact sufficient to establish his standing to bring this lawsuit.

Although the Court finds that the complaint fails to state a claim upon which relief can be granted, it will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the Court ORDERS that Plaintiff file an amended complaint curing the defects identified by this order no later than 14 days from the date of this order. The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 27th day of December 2019.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk

MINUTE ORDER
C19-2072-JCC
PAGE - 3